IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ELAINE BURAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-753-SDJ-KPJ |
| | § | |
| **CHRIS HILL,** *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendants Judge Chris Hill ("Judge Hill"), Collin County Commissioner Susan Fletcher ("Fletcher"), Collin County Commissioner Cheryl Williams ("Williams"), Collin County Commissioner Darrell Hale ("Hale"), Collin County Commissioner Duncan Webb ("Webb"), Collin County Elections Administrator Bruce Sherbet's ("Sherbet", and together, "Defendants") Motion to Dismiss (the "Motion to Dismiss") (Dkt. 2), and Plaintiff Elaine Buras's ("Plaintiff") "Petitioner's Response to Respondents' Notice of Removal and Motion to Remand" (the "Motion to Remand") (Dkt. 8).

For the reasons that follow, the Court recommends Plaintiff's Motion to Remand (Dkt. 8) be **GRANTED IN PART** to the extent Plaintiff seeks remand to the 471st District Court of Collin County, Texas. The Court further recommends all other requested relief by both Plaintiff and Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

I.   **BACKGROUND**

On August 4, 2022, Plaintiff, proceeding *pro se*, filed this lawsuit in the 471st District Court of Collin County, Texas against Defendants, *see* Dkt. 1 at 1, asserting violations of the Texas

Constitution; art. 6, § 4; art. 1 §§ 3, 13, 19, 27, 28, and 29, *see* Dkt. 1-4 at 5–6. Plaintiff further asserts violations of the U.S. Constitution's First, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendments. *See id.* Plaintiff also asserts violations of the Texas Penal Code §§ 37.03, 37.09, 37.10, and 37.11; the Texas Election Code § 276.019; and 42 U.S.C. §§ 1983, 1985, and 1986, 28 U.S.C. § 1367, 1943, 52 U.S.C. § 10307(a), 20511(2)(a)(b), 10101, and 18 U.S.C. § 245. *See* Dkt. 1-4 at 5–6, 32–50. Plaintiff alleges "[c]omputerized equipment is vulnerable to manipulation by unauthorized persons, meaning that the true results of an election that rely upon computerized equipment can never be known and [Plaintiff's] constitutional rights to vote will be denied, if computerized equipment is used." *Id.* at 8. Plaintiff further alleges the "Election System and Software [] Voting System" used by the state of Texas is vulnerable to installation of malicious software. *Id.* at 10. Plaintiff appears to base her assertions on an alleged investigation performed by the Election Assistance Commission forty days before the 2020 election. *See id.* at 10–11. Plaintiff references an article entitled "Election Assistance Commission Investigated ES&S Voting Systems" for many of her factual allegations. *See id.* at 10.

        Plaintiff alleges her rights under the Fifteenth Amendment are violated by Collin County officials failing to prevent "private interference" in the election process and by Collin County officials not adhering to Federal election system certification standards. *Id.* at 42. Plaintiff further argues she has a First, Fourteenth, and Fifteenth Amendment claim because Defendants acted "under the color of state and federal law" and Plaintiff was subjected to "illegal" electronic voting systems and software. *Id.* at 45–46. Plaintiff alleges Defendants had knowledge that the voting equipment did not comply with state and federal law. *See id.* at 46. Plaintiff also asserts there has been a violation of her Substantive Due Process rights and the "Equal Rights" Clause of the Fourteenth Amendment because she has a "fundamental right to cast a ballot and vote in a legal

2

and fair election." *Id.* at 47. Further, Plaintiff alleges she was harmed, and continues to be harmed, by the actions of Defendants. *See id.* Plaintiff further alleges a deprivation of her civil rights because her right to vote is diminished as she is subjected to the "illegal" electronic voting systems and because Defendants "knowingly certified" these systems. *Id.* at 48. Plaintiff contends she suffers from a deprivation of her constitutional rights because, again, she suffered from being forced to cast an "illegal" ballot, and she continues to suffer harm from these electronic voting systems. *Id.* at 49. Plaintiff alleges a voting rights violation under the First and Fourteenth Amendments based on her right to cast a ballot in a legal and fair election and because of the harm she allegedly suffered from not being able to do so, including "suffering forced contract with representatives through deceptive practices and fraudulent certifications." *Id.* at 50. Plaintiff further alleges she and Texas citizens have been "forc[ed] . . . to participate in their own servitude through fraudulent policies, systems, and measures" in violation of the Thirteenth Amendment. *Id.* at 6.

Plaintiff seeks a Declaratory Order requiring the use of hand-marked paper ballots in Texas state elections instead of electronic voting systems. *See id.* at 8, 51–53. Plaintiff further requests emergency relief to protect her right to accurately counted votes under the Due Process and Equal Protection Clauses of the U.S. Constitution. *Id.* at 34. Plaintiff urges the Court to issue a restraining order and argues all four factors for injunctive relief weigh in her favor. *See id.* at 34–41. Lastly, Plaintiff requests relief under 28 U.S.C. § 2201 and the Texas Civil Practice and Remedies Code because the state of Texas will "violate the rights of Texans" by conducting upcoming elections on illegally certified electronic voting systems in "both the State of Texas and Federal election laws." *Id.* at 50–51.

Defendants filed a notice of removal on September 2, 2022. *See* Dkt. 1. Defendants request removal because Plaintiff relies on federal law for her six asserted causes of action. *Id.* at 3. On the same day Defendants filed for removal, Defendants also filed a Motion to Dismiss (Dkt. 2). In the Motion to Dismiss (Dkt. 2), Defendants argue: the Court lacks subject-matter jurisdiction; Plaintiff lacks standing; Plaintiff's claims present a nonjusticiable political question; and Plaintiff fails to state a claim for which relief can be granted. *See id.* at 3–11. Defendants assert the Court lacks subject-matter jurisdiction because Plaintiff does not have standing, raises only a generalized grievance that can be shared by all Texas voters, and merely presents possible future injuries that are completely speculative. *See id.* at 3–6. Defendants argue Plaintiff's original petition fails to state a claim upon which relief can be granted because 18 U.S.C § 245 "does not authorize a private right of action", claims under state law are not actionable under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and Plaintiff does not have a valid "independent cause of action" that is necessary to bring a federal cause of action under the Declaratory Judgment Act. *Id.* at 7–11.

On September 9, 2022, Plaintiff filed a response (Dkt. 9) to the Motion to Dismiss (Dkt. 2). *See* Dkt. 9. Plaintiff first addresses the issue of standing by stating the Texas and United States Constitutions give all citizens the right to vote. *See id.* at 12. Plaintiff asserts she has an interest in protecting the "quality, accuracy, and effectiveness" of her votes cast. *Id.* Plaintiff next addresses the allegations made by Defendants that her claim is a generalized grievance. *Id.* Plaintiff argues she has an "individualized injury" because each vote is personal and protected by the Constitution. *Id.* Plaintiff alleges she suffered an injury because her elected leaders failed to "uphold and defend the Constitution" and, although she agrees her grievance is suffered by others, Plaintiff alleges it remains a concrete injury in fact. *Id.* at 13–14. Plaintiff further argues her case does not create a political question because the first two factors set forth in *Baker v. Carr*, 369 U.S. 186 (1962) are

not present in her case. *See id.* at 15. Finally, Plaintiff asserts that her vote is a piece of her "property" and Defendants have committed a "taking" by infringing upon her right to vote. *Id.* at 17.

On September 15, 2022, Defendants filed a reply (Dkt. 15) to Plaintiff's response (Dkt. 9) to Defendants' Motion to Dismiss (Dkt. 2). *See* Dkt. 15. Defendants cite to instances in Plaintiff's original complaint where she acknowledges that her grievance affects all Texas citizens. *See id.* at 2. Next, Defendants contend the thrust of Plaintiff's request is to overturn policy decisions made by the Texas Legislative branch. *See id.* at 3. Defendants assert this satisfies one of the *Baker* factors: commitment of the issue to another branch of government other than the judiciary. *See id.* Defendants contend Plaintiff's "property" claim is waived because she did not assert it in her petition; however, Defendants argue the claim has no merit because the Fifth Circuit held in *Richardson v. Tex. Sec. of State*, 978 F.3d 220, 230 (5th Cir. 2020) that individuals do not have a property interest in her vote or right to vote. *See* Dkt. 15 at 4.

On September 9, 2022, Plaintiff filed the Motion to Remand (Dkt. 8). Plaintiff argues the "state court has concurrent jurisdiction with federal court regarding constitutional questions" and she asserts claims under Texas state law. *Id.* at 4. Plaintiff further asserts Defendants waived their right to any defense or objection they may have. *See id.* Plaintiff appears to reiterate the importance of transparency and fairness in Texas elections, and contends she "sought redress under Texas law only." *Id.* at 6. Plaintiff states that she, and "all Texas citizens," have a right to a fair election. *Id.* at 6, 7. On September 10, 2022, Defendants filed a response in opposition (Dkt. 11) to Plaintiff's Motion to Remand (Dkt. 8) asserting removal was proper, as Plaintiff asserted a number of federal claims. *See* Dkt. 11 at 2–4. On September 29, 2022, Plaintiff filed a reply (Dkt. 17) to Defendants' response (Dkt. 11). *See* Dkt. 17. Plaintiff largely reasserts the arguments from her Motion to

Remand (Dkt. 8), including her argument that federal courts are courts of limited jurisdiction and that Plaintiff's claims are based on both federal and state law. *See* Dkt. 17 at 4–7.

## II. LEGAL STANDARD

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 118, 1187 (2d Cir. 1996)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 409 (5th Cir. 2016) (per curiam) (citing *Ramming*, 281 F.3d at 161). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behav. Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). Thus, "[w]here a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

Similarly, Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV.

P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). Pursuant to its lack of subject-matter jurisdiction, courts may therefore dismiss an action even if the defendant does not move for dismissal. *See Redmond v. Wells Fargo Bank N.A.*, No. 4:21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 5:16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017), *R. & R. adopted*, No. 5:16-CV-238, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985))). If the court finds the plaintiff does not have standing pursuant to Rule 12(h)(3), it must dismiss the plaintiff's claims without prejudice. *See Staten v. Harrison County*, No. 20-60329, 2021 WL 5766576, at *2 (5th Cir. Dec. 3, 2021) (per curiam) (citing *Griener v. United States*, 900 F.3d 700, 705–06 (5th Cir. 2018)).

**B. Remand**

The federal removal statute allows a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) ("A removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper.") (citations omitted). "A federal question exists if there appears on the face of the complaint some substantial, disputed

questions of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (internal quotation marks and citations omitted).

"Because plaintiffs are masters of their complaints, any 'determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.'" *Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 306 (W.D. Tex. 2020) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)). Thus, "[w]hen removal is defective for lack of subject matter jurisdiction, the district court must remand the action regardless of whether the parties have moved the court to do so." *White v. Garcia*, No. 4:22-CV-00746, 2022 WL 17968764, at *2 (N.D. Tex. Nov. 28, 2022), *R. & R. adopted*, 2022 WL 17968757 (N.D. Tex. Dec. 27, 2022) (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). Finally, "[b]ecause federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand." *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F. Supp. 3d 632, 637 (E.D. La. 2021) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III. ANALYSIS

In the Motion to Dismiss (Dkt. 2), Defendants assert, *inter alia*, that Plaintiff's claims must be dismissed for lack of standing. *See generally id.* In the Motion to Remand (Dkt. 8), Plaintiff asserts she seeks redress under "Texas law only" and the case should be remanded to state court. *Id.* at 6. For the reasons that follow, Defendants are correct that the Court lacks subject-matter jurisdiction. However, as the Court lacks subject-matter jurisdiction, the appropriate course of action is to remand this action to state court.

### A. Standing

Federal courts are courts of limited jurisdiction and only have jurisdiction over "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). "[T]he issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). An "essential" element of the case-or-controversy requirement is standing. *Harding v. County of Dallas*, 336 F. Supp. 3d 677, 684 (N.D. Tex. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To have standing, a plaintiff must prove injury in fact, causation, and redressability. *Lujan*, 504 U.S. at 560–61.

To satisfy the injury in fact element of standing, an alleged future injury must be "(1) potentially suffered by the plaintiff, not someone else, (2) concrete and particularized, not abstract, and (3) actual or imminent, not conjectural or hypothetical." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019). The Supreme Court has stated that it has a "lengthy pedigree" of refusing to "serve as a forum for generalized grievances." *Lance*, 549 U.S. at 439; *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974); *United States v. Richardson*, 418 U.S. 166 (1974); *Fairchild v. Hughes*, 258 U.S. 126 (1922). Thus, a plaintiff alleging only a general grievance about government conduct does not have standing. *Lujan*, 504 U.S. at 574. Furthermore, the Fifth Circuit has held that when a plaintiff alleges only a general violation about a voting law or procedure, the plaintiff does not have a particularized injury. *See Hotze v. Hudspeth*, 16 F.4th 1121, 1124–25 (5th Cir. 2021).

In the present case, Plaintiff has asserted a generalized grievance and, thus, does not have standing. Plaintiff takes issue with the electronic voting systems used in the entire state of Texas, and she appears to assert that her claims apply to other voters in the state of Texas and, more broadly, the entire United States. *See generally* Dkt. 1-4. Plaintiff explains that "all Texas citizens"

9

have a right to a fair election, and the voting systems "violate the rights of Texans" in "both the State of Texas and Federal election laws." *Id.* at 6, 50 Clearly, the alleged issue regarding the electronic voting systems is a generalized grievance that, taken as true, would be shared by all Texans and potentially a number of American citizens outside the State of Texas. *See id.* at 6, 17, 50.

In *Hotze*, the plaintiff brought claims that "drive-thru" voting conducted in Harris County violated the Equal Protection Clause and the Elections Clause of the U.S. Constitution. *Id.* The Fifth Circuit held the plaintiff did not have standing, as the injury was the same for the plaintiff as it was for any other Harris County voter and therefore not particularized to the plaintiff. *See id.* Similar to the plaintiff in *Hotze*, Plaintiff does not allege any injury that is particularized to her, i.e., unique to her, that would not affect any other Texas voter. *See Hotze*, 16 F.4th at 1124. Plaintiff does not have a special interest in the election, nor is she a member of a specific class of voters asserting a grievance that directly affects that class. *Cf. Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 779 (E.D. Tex. 2020) (finding minority voter had standing when challenging school district electoral system that allegedly diluted voting strength of minorities); *O'Hair v. White*, 675 F.2d 680, 689 (5th Cir. 1982) (en banc) (holding atheist had standing to challenge the state constitution that allegedly prevented atheists from running for state office). Further, other federal courts have held general grievances related to voting do not amount to constitutional standing. *See White*, 2022 WL 17968764, at *4 (holding the plaintiff, a voter challenging electronic voting system, did not have standing); *Soudelier v. Dep't of State La.*, No. CV 22-2436, 2022 WL 17283008, at *4 (E.D. La. Nov. 29, 2022) ("Like the many other plaintiffs who claimed their votes were unconstitutionally diluted based on issues with the integrity of the 2020 election, plaintiff's

purported injury is neither concrete nor particularized; rather, it amounts to a 'generalized grievance about the conduct of [the] government.'" (quoting *Lance*, 549 U.S. at 442)).

In particular, the Court finds the analysis in *White*, a case with facts similar to the facts of this case, to be persuasive. *See White*, 2022 WL 17968764, at *1. In *White*, the plaintiff stated she only sought redress under state law, but her complaint alleged a number of federal law violations; thus, the case was removed to federal court. *Id.* The *White* court found the plaintiff merely had an "abstract harm" that was the same as that of "any other voter in Tarrant County." *Id.* at *3. Similar to the plaintiff in *White*, Plaintiff asserts a general claim regarding electronic voting systems that Plaintiff asserts can be found in many locations throughout the country. *See id.* ("[The plaintiff's] allegation that Tarrant County needs to properly obey the voting laws of the State of Texas is not enough to create a concrete and particularized injury for the purposes of Article III standing . . . Additionally, [the plaintiff] only makes generalized claims that apply to all computerized voting systems, not just those used in Tarrant County.") (citation omitted). This is underscored by Plaintiff's reference to herself and other Texas citizens, unnamed and not parties to this case, as "Petitioners." *See generally* Dkt. 1-4.

Furthermore, Plaintiff's complaint does not allege any concrete harm that differentiates her from other voters in Texas or that the harm is imminent. While Plaintiff may aver her vote has been diluted because she does not know if it has been counted, Plaintiff does not actually allege facts that her vote has not been counted—only that she believes her vote has not been counted due to the possibility of election interference. *See id.* at 8, 28, 54. As explained in *White*, claims of the *possibility* of hacking and manipulation of electronic voting systems are "speculative at best." *White*, 2022 WL 17968764, *4. This reasoning further supports finding that Plaintiff has failed to allege a concrete injury that would permit the Court to consider her claim.

Accordingly, Plaintiff does not have standing and, thus, the Court lacks subject-matter jurisdiction over her claims.

### B. Motion to Remand

Defendants removed this action on the grounds that there is a federal question pursuant to 28 U.S.C. § 1331. *See* Dkt. 1 at 3. However, Defendants simultaneously assert there is no subject-matter jurisdiction, as Plaintiff has no standing and Plaintiff's claims present a nonjusticiable political question. *See* Dkt. 2. In the Motion to Remand (Dkt. 8), Plaintiff seeks to remand this action to state court. *See id.*

It is Defendants' burden to show the Court has subject-matter jurisdiction, including as to Plaintiff's standing. *See White*, 2022 WL 17968764, at *4; *Mega Vape, LLC*, 455 F. Supp. 3d at 306 ("As the party seeking the federal forum in a removed action, '[t]he defendant bears the burden of demonstrating that a federal question exists.'" (quoting *In re Hot-Hed Inc.*, 477 F.3d at 323)). Defendants removed this case to federal court and simultaneously argued Plaintiff lacks Article III standing in federal court. "This contradictory approach supports remand of the case for lack of subject matter jurisdiction." *White*, 2022 WL 17968764, at *4. While "Texas standing requirements parallel the federal test for Article III standing," *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (per curiam), 28 U.S.C. § 1447(c) states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded*," 28 U.S.C. § 1447(c) (emphasis added). Thus, while it is doubtful Plaintiff has standing in state court, the appropriate result is to remand Plaintiff's claims, as the Court, by Defendants' own assertions, lacks subject-matter jurisdiction. *See Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("A court must remand a case 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court.'"

(quoting *Int'l Primate Protection League*, 500 U.S. at 87)); *White*, 2022 WL 17968764, at *4 ("'[C]ourts in the Fifth Circuit have remanded cases to state court for failure to satisfy federal standing requirements.'" (quoting *Morales v. Specialized Loan Servicing, LLC*, No. SA-22-CV-00527-XR, 2022 WL 16549151, at *3 (W.D. Tex. Oct. 31, 2022))); *see also Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 600 n.2 (5th Cir. 2009) ("'[28 U.S.C.] § 1447(c) remands are warranted only when a federal court has no rightful authority to adjudicate a state case that has been removed from state court. In such cases, the statute provides a quick, permanent, and mandatory remedy to return a state case to state court.'" (quoting *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 157–58 (3d Cir. 1998))).

Accordingly, the Court recommends granting Plaintiff's Motion to Remand (Dkt. 8) to the extent it seeks to remand this action to state court.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's Motion to Remand (Dkt. 8) be **GRANTED IN PART** to the extent Plaintiff seeks to remand to the 471st District Court of Collin County, Texas pursuant to 28 U.S.C. § 1447. The Court further recommends all other requested relief by both Plaintiff and Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 19th day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE