THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELAINE BURAS | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-753-SDJ |
| | § | |
| CHRIS HILL, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made a report that included Findings, Conclusions, and a Recommendation in this case (the "Report"). (Dkt. #19). The Magistrate Judge recommended that Plaintiff Elaine Buras's "Petitioner's Response to Respondents' Notice of Removal and Motion to Remand" (the "Motion to Remand"), (Dkt. #8), be granted in part to the extent Plaintiff seeks remand to the 471st District Court of Collin County, Texas. The Magistrate Judge further recommended that all other requested relief by Buras and Defendants Judge Chris Hill, Collin County Commissioner Susan Fletcher, Collin County Commissioner Cheryl Williams, Collin County Commissioner Darrell Hale, Collin County Commissioner Duncan Webb, and Collin County Elections Administrator Bruce Sherbet (together, "Defendants") be dismissed without prejudice for lack of subject-matter jurisdiction. No objections have been filed.

This Court has reviewed the Magistrate Judge's proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the undersigned District Judge believes that the Findings, Conclusions, and a Recommendation of the

1

Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

I.

The Court notes that it is worth making an additional point regarding the interpretation of 28 U.S.C. § 1447(c), which is at issue in this case. As the Magistrate Judge correctly concluded, Buras lacks Article III standing to sue. Nonetheless, Defendants maintained that the Court should not remand the case, but instead should dismiss Buras's suit for lack of standing. As the Magistrate Judge explained in her Report, however, remand is required under such circumstances. The reason is straightforward. In this removal case, the Defendants, as the parties invoking federal jurisdiction, had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing). After all, removal is proper only when a case could originally have been filed in federal court, 28 U.S.C. § 1441(a), and federal courts have subject-matter jurisdiction only if constitutional standing requirements are satisfied. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) (observing that a plaintiff lacks standing, and that a court lacks jurisdiction, absent a "concrete and particularized" invasion of a legally protected interest that is "actual or imminent" (quotations omitted)). So—when Defendants removed Buras's case to this Court and simultaneously demonstrated that Buras lacked Article III standing, they negated, rather than

established, this Court's jurisdiction, and likewise confirmed the necessity of remand, rather than dismissal.

This result comports with the express command of 28 U.S.C. § 1447(c), which states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Court is aware, however, that some district-court rulings within this circuit, and at least two unpublished Fifth Circuit opinions, have recognized a "futility exception" to the command of 28 U.S.C. § 1447(c). These cases stand for the proposition that a federal court may dismiss (rather than remand) a removed case if it concludes that the state courts will dismiss the case after remand for lack of jurisdiction. *See, e.g.*, *Boaz Legacy, L.P. v. Roberts*, 628 F.App'x 318, 320 (5th Cir. 2016) (per curiam) (unpublished) (observing that "dismissal, rather than remand, may be proper if a suit is a local action over which the state court in which it was brought also would lack jurisdiction."); *Underhill v. Porter*, 35 F.3d 560, 1994 WL 499742, at *2 (5th Cir. 1994) (per curiam) (unpublished) ("Taxpayer's reliance on 28 U.S.C. § 1447(c) for the principle that this case must be remanded because the district court lacks subject matter jurisdiction is misplaced. Such a remand would be futile. The jurisdictional defect is created by the fact that the United States has not waived its sovereign immunity. Thus, the state court could not entertain this action because a waiver of sovereign immunity is a prerequisite to the exercise of jurisdiction over the United States by any court, state or federal. Because a state court could grant no relief to a taxpayer, the district court correctly declined to remand the action."); *In re Halo*

3

*Wireless, Inc.*, 872 F.Supp.2d 558, 563 (W.D. Tex. 2012) ("[T]he Fifth Circuit embraces the futility-exception doctrine, under which the district court may dismiss, rather than remand, an action if remand would be futile because the court to which the action would be remanded would itself lack jurisdiction."); *Hill v. United States*, No. 5:18-CV-21-DCB-MTP, 2018 WL 1902375, at *2 (S.D. Miss. Apr. 20, 2018) ("The Fifth Circuit holds otherwise. It has time-and-again recognized a 'futility exception' to § 1447(c), which permits a district court to dismiss—rather than remand—an action when remand would be futile because the state court, too, lacks jurisdiction.").

Although the so-called "futility exception" has not been expressly invoked by Defendants, as the Magistrate Judge noted, it is doubtful that Buras will be able to establish standing for her claims in state court, (Dkt. #19 at 12), and therefore the notion of futility is arguably raised in this case.

## II.

The Court will not apply the so-called "futility exception" because no such exception is permitted under the plain text of 28 U.S.C. § 1447(c), the Supreme Court has emphasized the mandatory nature of Section 1447(c)'s text and suggested that no such exception exists, and controlling Fifth Circuit precedent—as well as the precedent of a majority of other circuits addressing the issue—rejects the notion of reading a "futility exception" into Section 1447(c).

The starting point for this statutory interpretation question is, as always, the text, and the inquiry should end there. The command of 28 U.S.C. § 1447(c) is clear and unequivocal: "If at any time before final judgment it appears that the district

4

court lacks subject matter jurisdiction, *the case shall be remanded.*" 28 U.S.C. § 1447(c) (emphasis added). Section 1447(c)'s text makes no allowance for a district court to dismiss (rather than remand) a case when the plaintiff lacks Article III standing. To the contrary, the plain language of Section 1447(c) requires that, once a district court concludes that it lacks subject-matter jurisdiction over a plaintiff's claims in a removed matter, it has only one option: to remand the case. *See, e.g.*, *Babb v. Wilkie*, 140 S.Ct. 1168, 1177, 206 L.Ed.2d 432 (2020) ("[W]here, as here, the words of [a] statute are unambiguous, the judicial inquiry is complete." (citations and internal quotation marks omitted)); *United States v. Sharp*, 62 F.4th 951, 953–54 (5th Cir. 2023) ("The text at issue is unambiguous, and so our inquiry begins and ends with the text." (citation and internal quotation marks omitted)). Consistent with the statute's text, the Supreme Court has emphasized the mandatory nature of Section 1447(c)'s remand requirement when subject-matter jurisdiction is absent in removal cases. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ("[T]he literal words of Section 1447(c) . . . give . . . no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" (internal quotation marks and citation omitted)).

And, notably, in at least three published opinions immediately following the Supreme Court's *International Primate* decision, the Fifth Circuit applied the Supreme Court's guidance and concluded that Section 1447(c) unequivocally requires remand when a district court concludes that it lacks subject-matter jurisdiction in a

5

removed case. *See Hexamer v. Foreness*, 981 F.2d 821, 824 (5th Cir. 1993) ("The plain language of section 1447(c) requires the district court to remand the case when it finds that subject matter jurisdiction is lacking."); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991) ("Since the district court had no original jurisdiction over this case . . . , a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." (quoting *Int'l Primate*, 500 U.S. at 87)); *Guadalupe–Blanco River Auth. v. City of Lytle*, 937 F.2d 184, 185–86 (5th Cir. 1991) (concluding that "the federal court is without subject matter jurisdiction" and ordering remand).

The Fifth Circuit's *Boaz* and *Underhill* decisions cannot be reconciled with the Supreme Court's guidance in *International Primate* and are unpublished opinions that depart from the Fifth Circuit's prior, published opinions applying Section 1447(c) consistent with *International Primate*. This Court does not consider *Boaz* and *Underhill* to be controlling precedent as they run afoul of the Fifth Circuit's rule of orderliness. *See Dick v. Colo. Hous. Enter., L.L.C.*, 872 F.3d 709, 711–12 (5th Cir. 2017) (holding that "an unpublished opinion . . . does not constitute controlling precedent" and observing that the rule of orderliness requires "that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." (internal quotation marks and citation omitted)); *Bonvillian Marine Serv., Inc. v. Pellegrin (In re Bonvillian Marine Serv., Inc.)*, 19 F.4th 787, 792 (5th Cir. 2021)

6

(observing that the circuit's rule of orderliness is "strict and rigidly applied").[1] The Court is unaware of any published opinion from the Fifth Circuit, issued after *International Primate*, that endorses a "futility exception" to 28 U.S.C. § 1447(c).

The Court also notes that a majority of other circuits that have considered the issue explicitly reject the idea of a "futility exception" to 28 U.S.C. § 1447(c).[2] Specifically, the Third, Fourth, Seventh, Tenth, and Eleventh Circuits each have rejected the idea of a "futility exception" to 28 U.S.C. § 1447(c). *See Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997) ("In light of the express language of § 1447(c) and the Supreme Court's reasoning in *International Primate*, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility."); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." (citation and internal quotation

---

[1] The *Boaz* decision cites to dicta in *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144 (5th Cir. 1992), that purportedly supports its analysis of Section 1447(c). 628 F.App'x at 320 n.10. But the *Trust* court concluded that the lower court in that case had subject-matter jurisdiction of the underlying removal case, and therefore engaged in no analysis of Section 1447(c), nor did it cite or discuss *International Primate*. In any event, both *Trust* and *Boaz* were issued after the circuit's prior, published decisions from 1991 (*Baris* and *Guadalupe-Blanco River Authority*) applying *International Primate* and holding that Section 1447(c) requires remand of a removed case when a district court determines it lacks subject-matter jurisdiction.

[2] Although the D.C. Circuit has not addressed whether Section 1447(c) is subject to a futility exception, it has broadly observed that a district court without subject matter jurisdiction "must remand the case" under Section 1447(c). *See Republic of Venez. v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *see also Brookens v. Am. Fed'n of Gov't Emps.*, 315 F.Supp.3d 561, 570–71 (D.D.C. 2018) (noting that the *Boaz* decision was contrary to the weight of authority concerning the mandatory nature of Section 1447(c)'s text).

7

marks omitted)); *Smith v. Wisc. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("[T]he Supreme Court has squarely rejected the argument that there is an implicit 'futility exception' hidden behind the plain meaning of § 1447(c). *See [Int'l Primate]* . . . . If the district court lacked subject-matter jurisdiction over Smith's claim against DATCP, it is clear that his claim should have been remanded to the Wisconsin state court."); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." (citations and internal quotation marks omitted)); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("28 U.S.C. § 1447(c) . . . is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court.").[3]

Given the textual command of Section 1447(c), as confirmed by the Supreme Court and controlling, published opinions from the Fifth Circuit, together with similar decisions from a majority of circuits across the country,[4] the Court concludes

---

[3] The Court is aware of two circuits that have recognized the "futility exception" or otherwise held that dismissal is appropriate in a removed case when a federal court determines that it lacks jurisdiction and that the state court would also lack jurisdiction over the claims at issue. *See Perna v. Health One Credit Union*, 983 F.3d 258, 273 (6th Cir. 2020); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189–90 (9th Cir. 2022) (per curiam).

[4] Notably, however, in the Ninth Circuit *Sauk-Suiattle* case, Judge Bennett authored a concurring opinion, joined by both of his colleagues, arguing that while the "futility exception" was firmly part of that circuit's binding precedent, "the futility exception does not comport with § 1447(c)'s plain text . . . [and] that in the appropriate case, [the Ninth Circuit] should reconsider the futility exception en banc and abandon it." *Sauk-Suiattle*, 56 F.4th at 1191 (Bennett, J., concurring); *see also id.* at 1193 (Bennett, J., concurring) ("While there may be valid policy reasons for the futility exception, it is not our role to choose what we

that a "futility exception" cannot be read into Section 1447(c). Once a district court concludes that subject-matter jurisdiction of a removed case is lacking, remand is required, not dismissal. A district court's view that remand would be wasteful, pointless, or otherwise "futile" because the state court will lack jurisdiction over the claims at issue does not alter Section 1447(c)'s text and command.

### III.

For the foregoing reasons, the Motion to Remand, (Dkt. #8), is **GRANTED IN PART** to the limited extent that this case is remanded to the 471st District Court of Collin County, Texas. All other requested relief by both Plaintiff and Defendants is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**So ORDERED and SIGNED this 28th day of June, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

think is the best policy outcome and to override the plain meaning of a statute, apparent anomalies or not." (quotations omitted)).